IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelvin Richardson, #277898,           ) | C/A No.: 1:15-1610-GRA-SVH |
|                                     Plaintiff,     ) | |
| vs.                                                                  ) | |
| County of Greenville; John Vandermosten, Assistant County Administrator; Scotti Bodiford, Operations Administrator; Tracy Krein, Medical Administrator; Medical Supervisor Kim Olszewski; Clinical Supervisor Katie Barnes; Nurse Downs; Nurse Johnson; Nurse Gannon; and Nurse Garbacka,      ) | ORDER |
|                                    Defendants.    ) | |

      Kelvin Richardson ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated in the Greenville County Detention Center ("GCDC"). This matter comes before the court on the following motions of Plaintiff: (1) motion for a preliminary injunction [ECF No. 11]; (2) motion to appoint counsel [ECF No. 12]; (3) motions to amend the complaint [ECF Nos. 18, 24]; and (4) motion for subpoenas [ECF No. 28]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings have been referred to the undersigned.

I.     Motion for a Preliminary Injunction

      In his motion for a preliminary injunction, Plaintiff seeks unspecified medications allegedly ordered by orthopedic surgeons. [ECF No. 11]. It appears that Plaintiff is no

longer housed in the GCDC, as he submitted a notice of change of address on July 20, 2015. [ECF No. 32]. Therefore, Plaintiff's request for injunctive relief is now moot. *See Ajaj v. Smith*, 108 F. App'x 743 (4th Cir. 2004) (holding where inmate seeking equitable relief from conditions at one facility was transferred from that facility to another institution, his claims were moot); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding transfer mooted prisoner's claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding prisoner's transfer moots his request for injunctive relief against conditions of confinement in facility from which he was transferred). Plaintiff's motion for a preliminary injunction is denied as moot.

II.     Motion to Appoint Counsel

Plaintiff requests the court appoint him counsel. [ECF No. 12]. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  Plaintiff in his motion has not shown that any exceptional circumstances exist in this case.

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984).  In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the

court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) is denied.

III.    Motions to Amend the Complaint

Plaintiff filed two motions to amend his complaint. [ECF Nos. 18, 24]. In his motions to amend, Plaintiff seeks to clarify that he is suing all defendants in their individual and official capacities and that he alleges all defendants were acting under the color of state law at all times. *Id*. Plaintiff also seeks to add general allegations such as "All named defendants are legally responsible for the all named violations that constituted Deliberate Indifference, Cruel and Unusual Punishment and Refusal of Due Process." [ECF No. 24 at 2 (errors and emphasis in original)].

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted). The allegations in Plaintiff's motions to amend the complaint are similar to the allegations in the original complaint and the court construes pro se complaints liberally. While Plaintiff seeks to add allegations containing largely legalese, such allegations are more akin to legal argument and would more appropriately be included as support in a response to a motion for summary judgment. Because Plaintiff has not set forth new factual allegations, Plaintiff's motions to amend are denied as futile.

IV.     Motion for Subpoenas

In his motion for a subpoena, Plaintiff requests five subpoena duces tecum forms, but fails to provide information about the documents he seeks to subpoena or show that they are relevant. [ECF No. 28].

There are costs associated with a subpoena for documents, such as the cost of the copies and the cost of serving the subpoena. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion). Because Plaintiff has not demonstrated the subpoenas are relevant to the instant case or tendered the necessary fees for the subpoenas, Plaintiff's motion for subpoenas [ECF No. 28] is denied at this time with leave to refile after he has demonstrated the relevance of the requested subpoena and tendered the necessary copy costs and costs of service.

V.     Conclusion

For the foregoing reasons, the undersigned denies the following motions of Plaintiff: (1) motion for a preliminary injunction [ECF No. 11]; (2) motion to appoint counsel [ECF No. 12]; (3) motions to amend the complaint [ECF Nos. 18, 24]; and (4) motion for subpoenas [ECF No. 28].

IT IS SO ORDERED.

*Shiva V. Hodges*

August 24, 2015                                    Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge