UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kelvin Richardson, | ) | Civil Action No.: 1:15-cv-01610-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Vandermosten, *Assistant County* | ) | |
| *Administrator*; Scotti Bodiford, *Operation* | ) | |
| *Administrator*; Tracy Krein, *Medical* | ) | |
| *Administrator*; Medical Supervisor Kim | ) | |
| Olszewski; Clinical Supervisor Katie | ) | |
| Barnes; Nurse Downs; Nurse Johnson; | ) | |
| Nurse Gannon; Nurse Garbacka; and | ) | |
| County of Greenville, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Kelvin Richardson, who was a state pretrial detainee at the time he commenced this

action,[1] filed a complaint pursuant to 42 U.S.C. § 1983 alleging the above named Defendants were

deliberately indifferent to his serious medical needs. *See* ECF No. 1. The matter is before the Court

for review of the Report and Recommendation (R & R) of United States Magistrate Judge Shiva V.

Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of

South Carolina.[2]   *See* R & R, ECF No. 47. The Magistrate Judge recommends that the Court grant

Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. R &

---

[1]    Plaintiff was incarcerated at the Greenville County Detention Center when he filed his complaint. *See* ECF No. 1-1 (envelope). He subsequently submitted a notice of change of address indicating he is no longer incarcerated. *See* ECF No. 41.

[2]    The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

R at 2, 9.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R, and the time for doing so has expired.[3] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error.[4] Accordingly,

---

[3]    Objections were due by July 29, 2016. *See* ECF No. 47.

[4]    The Magistrate Judge analyzed Plaintiff's deliberate indifference claim solely under the Eighth Amendment. *See* R & R at 7-8. However, because Plaintiff was a pretrial detainee and not a convicted prisoner, the Due Process Clause of the Fourteenth Amendment—not the cruel and unusual punishment prohibition of the Eighth Amendment—governs his deliberate indifference claim. *See Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987) ("[W]hile the Eighth Amendment is properly invoked on behalf of those convicted of crimes, it is the Due Process Clause of the Fourteenth Amendment that applies to pretrial detainees . . ..") . In any event, the Magistrate Judge properly relied on Eighth Amendment jurisprudence in analyzing Plaintiff's claim. *See Turner v. Kight*, 121 F. App'x 9, 13 (4th Cir. 2005) ("While a pre-trial detainee's rights with respect to claims of deliberate indifference to serious medical needs are prohibited by the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment, with respect to such claims, a pretrial detainee's due process rights are co-extensive with a convicted prisoner's Eighth Amendment rights."); *Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) ("Eighth

2

the Court adopts and incorporates by reference the R & R [ECF No. 47] of the Magistrate Judge.  It is

therefore **ORDERED** that Defendants' motion for summary judgment [ECF No. 37] is **GRANTED**

and that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.  It is further **ORDERED** that

Plaintiff's motion for summary judgment [ECF No. 42] is **DENIED**.

    **IT IS SO ORDERED.**


Florence, South Carolina                        s/ R. Bryan Harwell
August 2, 2016                             R. Bryan Harwell
                                         United States District Judge

---

Amendment jurisprudence has addressed the contours of the term 'punishment' which lies at the core of the protection of inmates afforded by both the Eighth and Fourteenth Amendments.").